

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/2/07

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ABIGAIL GOLDENBERG
phone: 212-788-1275
fax: 212-788-0940
email: abgolden@law.nyc.gov

November 2, 2007

**MEMO ENDORSED**

**BY FACSIMILE**

Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1370
New York, New York 10007

Re:  Rodney Brown v. Dept. of Correctional Services et al.,
      07 Civ. 5753 (GEL) (AJP)

Dear Judge Peck:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel Michael A. Cardozo. I write on behalf of defendant Department of Correction ("DOC") to request an adjournment of the conference currently scheduled for November 6, 2007. This is the first request for an adjournment of this conference. Because plaintiff *pro se* is incarcerated, it is not possible to contact him to obtain his consent. As set forth more fully below, an adjournment is needed for two reasons.

First, an adjournment is needed because defendant DOC anticipates moving to dismiss the complaint. On November 1st, your chambers contacted my colleague Alan Rosinus and scheduled a pretrial conference in this matter for Tuesday, November 6th. At that time, Mr. Rosinus notified your chambers that a request for an extension of time to respond to the complaint, until November 30, 2007, was pending with Judge Lynch, the District Judge assigned to this case. Judge Lynch has since granted that request.

Defendant anticipates that it will file a fully dispositive motion to dismiss in this matter, because plaintiff's allegations make out a state negligence claim at best and do not rise to the level of an Eighth or Fourteenth Amendment violation actionable under 42 U.S.C. § 1983. See Stubbs v. Dudley, 849 F.2d 83, 85 (2d Cir. 1988). If defendant's motion is granted, discovery in this matter clearly will not be necessary. Accordingly, defendant requests that the

conference be adjourned until either after defendant's motion is decided, or, if an answer is submitted, until after such submission.

Second, an adjournment is needed because November 6, 2007, is Election Day, and the Office of the Corporation Counsel is closed.

Thank you for your consideration of this request to postpone the pretrial conference until after defendant's motion to dismiss is decided.

Respectfully,

Abigail Goldenberg (AG 4378)
Assistant Corporation Counsel

cc: Via overnight mail
Rodney Brown
Plaintiff *pro se*
#07-A-4616
Franklin Correctional Facility
62 Bare Hill Rd
PO Box 10
Malone, NY 12953

MEMO ENDORSED 11/2/07

1. Conf adjourned from 11/6 to 11/7 at 10 AM. Corp Counsel to arrange for Mr Brown's telephone participation.
2. The Court will consider at the conference whether the case can be "transferred" in any way to the NY Court of Claims or other state court. The Asst Corp Counsel should be [illegible] to address statute of limitations or other matters which the Court could [illegible] regarding [illegible] — if the case were to go to state court.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy: Ms Goldenberg (fax)
Mr Brown (mail)
Judge Lynch

BY FAX

Nov 2 2007 12:00pm P003/003 Fax:

# FAX  TRANSMITTAL  SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
### Southern District of New York
### United States Courthouse
### 500 Pearl Street, Room 1370
### New York, N.Y. 10007-1312

**Fax No.:**        **(212) 805-7933**
**Telephone No.:**  **(212) 805-0036**

**Dated:**   **November 2, 2007**                    **Total Number of Pages:**   **3**

| TO | FAX NUMBER |
|---|---|
| Abigail Goldenberg, Esq.<br>Alan Rosinus, Esq. | 212-788-0940 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 11/2/07**

1.  **Conf. adjourned from 11/6 to <u>11/7 at 10 AM</u>.  Corp. Counsel is to arrange for Mr. Brown's telephonic participation.**
2.  **The Court will inquire at the conference whether the case can be "transferred" in some way to the N.Y. Court of Claims or other state court.  The Asst. Corp. Counsel should be knowledgeable about any statute of limitations or other problems - and whether the City could stipulate to avoid same - if the case were to go to state court.**

**Copies to:   Rodney Brown (Mail)**
**                    Judge Gerard E. Lynch**